UNITED STATES DISTRICT COURT FOR
FOR THE DISTRICT OF NEW JERSEY
TRENTON VICINAGE

|  |  |  |
|---|---|---|
| DOROTHY M. STEWART, | : | Jury Demand |
| Plaintiff, | : |  |
|  | : | Civil No. |
| v. | : |  |
|  | : | No. |
| MEGAN J. BRENNAN, Postmaster General, | : |  |
| United States Postal Service, | : |  |
| Defendant. | : |  |

## **COMPLAINT**

**Parties**

1. Plaintiff, Dorothy M. Stewart ("Stewart"), is a citizen of the United States and a resident of the town of Florence, State of New Jersey.

2. Defendant, Megan J. Brennan, Postmaster General U.S. Postal Service ("Agency" or "USPS" or "Postal Service"), is the duly appointed and acting official charged with the administration of laws and implementing regulations, instructions and directives affecting the Agency and its organizational components, in the area of job discrimination under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, the Age Discrimination in Employment Act of 1967 (ADEA), as amended, 29 U.S.C. § 621 *et seq.*, the Rehabilitation Act of 1973, 29 U.S.C. §791, *et seq.*, or other applicable anti-discrimination laws.

**Jurisdiction**

3. This Court has jurisdiction over this matter pursuant to 42 U.S.C. §

2000e-16(c) which provides, in pertinent part, that a party must file a civil action within 90 days of receipt of final action taken by the U.S. Equal Employment Opportunity Commission (EEOC) upon an appeal from an agency decision on a complaint of discrimination under Title VII or other anti-discrimination laws within the jurisdiction of the EEOC.

**Venue**

4.      The United States District Court for the District of New Jersey is the appropriate venue for this action pursuant to 28 U.S.C. §§ 1391(e)(2) and (e)(3), in that a substantial part of the events or omissions giving rise to Stewart's claim occurred in this judicial district and Stewart resides in this judicial district.

**Structure of Complaint**

5.      Each cause of action asserted in this complaint is in addition, and in the alternative, to every other cause of action asserted.

6.      Every fact, paragraph and allegation set forth in this complaint is incorporated by reference in each and every cause of action and count asserted in this complaint.

**Relevant Facts**

7.      Stewart was formerly a Postal Service employee who held a Letter Carrier position.

8.      On December 17, 2012, Stewart filed a class action mixed case appeal to the U.S. Merit Systems Protection Board ("MSPB") alleging that she/they had been

2

constructively suspended or removed without procedural due process and that she/they had been had been discriminated against on the basis of her/their disabilities when the Postal Service denied her/them the opportunity to continue, even though she/they was/were ready, willing and able to work, and work was available, and that

a.  the Postal Service violated the Stewart's and all other class members' fundamental due process rights to notice and opportunity to challenge the constructive suspensions, constructive removals and/or removals;

b.  the Postal Service committed harmful procedural error adversely affecting Stewart and all other class members by denying them the procedural rights set forth in 5 U.S.C. Chapter 75 and 5 C.F.R. Part 752;

c.  the Postal Service violated the Rehabilitation Act and the ADA, as amended, by refusing to permit the Stewart and all other class members the opportunity to work as individuals with disabilities;

d.  the Postal Service's due process violations affecting the Stewart and all other class members constituted discrimination because of their veterans status;

e.  the Postal Service violated the rights of the Stewart and all other class members under the Rehabilitation Act of 1973, the ADA as amended, and any other applicable law;

f.  the Postal Service violated the Rehabilitation Act and the ADA, as amended, by failing to adhere to the privacy rights of Stewart and all other class members concerning their medical conditions; and

g.  the Postal Service breached the Privacy Act by violating the privacy rights of the Stewart and all other class members.

9.  A mixed case appeal is an appeal filed with the MSPB that alleges that an appealable agency action was effected, in whole or in part, because of

3

discrimination on the basis of race, color, religion, sex, national origin, disability or age. 29 C.F.R. § 1614.302(a)(2).

10.    Stewart's MSPB appeal was captioned *Dorothy M. Stewart v. U.S. Postal Service*, MSPB Docket No. PH-0752-13-0132-I-1.

11.    In an initial decision issued on October 28, 2014 and which became final on January 2, 2015, the MSPB administrative judge dismissed Stewart's appeal on jurisdictional grounds only - due, in part, to her alleged status as a class member in the EEOC administrative litigation captioned *Pittman, et.al. v. Donahue*, EEOC Hearing No. 541-2008-00188x class action settlement.

12.    Stewart contends that she is not a *Pittman* class member as it concerned the allegations set forth in her MSPB appeal.

13.    By letter dated September 30, 2014 (**Exhibit A**), Stewart was notified that her claim for benefits as a purported *Pittman* class member was not accepted because of lack of verifiable information that she was an eligible class member, *i.e.*, that she was a Permanent Rehabilitation Employee, a specifically defined criterion.

13.    Since the MSPB administrative judge dismissed Stewart's MSPB appeal on jurisdictional grounds, Stewart contacted the Postal Service on January 27, 2015 to seek EEO counseling on her class action discrimination claims through the statutory administrative process at 29 C.F.R. Part 1614.

14.    Specifically, pursuant to 29 C.F.R. § 1614.302(b),

> If a person files a mixed case appeal with the MSPB instead of a mixed case complaint and the MSPB dismisses the appeal for jurisdictional reasons, the agency shall promptly notify the individual in writing of the right to contact an EEO counselor within 45 days of

receipt of this notice and to file an EEO complaint, subject to § 1614.107.  The date on which the person filed his or her appeal with MSPB shall be deemed to be the date of initial contact with the counselor.

15.    Stewart exhausted her administrative remedies and, on January 10, 2017, filed a lawsuit in the U.S. District Court for the District of New Jersey, Trenton Vicinage, captioned *DOROTHY M. STEWART, on behalf of herself and all others similarly situated v. MEGAN J. BRENNAN, Postmaster General, United States Postal Service*, Civil Action No. 17-167, hereinafter "*Class Action Lawsuit*". **Exhibit B** (without attachments).

16.     On motion, the Court dismissed the *Class Action Lawsuit* (**Exhibit C**) and denied Stewart's Rule 59(e) motion to amend findings of fact and judgment. **Exhibit D**.

17.    The fundamental basis for the Court's rulings for dismissing Stewart's *Class Action Lawsuit* was that Stewart was allegedly a class member of the class of permanent rehabilitation employees subject to class settlement agreement reached on April 3, 2014 in the EEOC administrative litigation, *Pittman, et al. v. Donahue*, EEOC Hearing No. 541-2008-00188x (*Pittman Settlement*), and that the claims in Stewart's *Class Action Lawsuit* were subsumed by the *Pittman Settlement.*

18.    On October 11, 2018, Stewart appealed the Court's dismissal on her *Class Action Lawsuit* to the Third Circuit.

19.    Despite Stewart's insistence that she had advanced viable claims in her *Class Action Lawsuit*, she, purely as a protective measure, filed a document, on April 12, 2018, entitled *Claim for Individual Relief* (**Exhibit E**) as a possible class member

in the *McConnell v. Postal Service* class action matter identified as Appeal Nos. 0720160006 and 0720160007 and Agency Case No. 4B-140-0062-06.

20.     In a Final Agency Decision, dated July 13,2018, issued by the EEOC in the *McConnell v. Postal Service* class action matter, the EEOC concluded that there was an absence of evidence that Stewart was subject to an evaluation under the National Reassessment Program during the class period. **Exhibit F**.

21.     Pursuant to 42 U.S.C. § 2000e-16(c), Stewart was required to file a civil action within 90 days of receipt of the Final Agency Action.

22.     Without waiving her right to proceed with this lawsuit, Stewart alleges that:

a.     A Postal Service preference-eligible employee's involuntary absence for more than 14 days may constitute a constructive suspension appealable to the MSPB under 5 U.S.C. §§ 7512(2) and 7513(d).

b.     The Postal Service initiated Stewart's absences beginning mid-September, 2011, by informing her that there was no work available for her to perform.

c.     The Postal Service initiated Stewart's absences beginning mid-September, 2011, by informing her that there was no work available for her to perform.

d.     The Postal Service also initiated absences of other class members, by informing them that there was no work available for them to perform.

e.     Stewart remained fully capable of performing work within her medical restrictions and communicated her willingness to work on a daily basis, but the Postal Service did not permit her to work.

f.     Other class members remained fully capable of performing work within their medical restrictions and communicated their willingness to work, but the Postal Service did not permit them to work.

g.     Stewart and other class members consistently requested work within

her/their medical restrictions, and the Postal Service, bound by law and policy to offer available work to her/them, fails to do so.

h. Stewart, being a preference eligible, was entitled to receive her due process rights to challenge the Postal Service's refusal to return her to work status.

i. Other class members, having preference eligible status, were entitled to receive their due process rights to challenge the Postal Service's refusal to return them to work status for periods of time in excess of 14 consecutive days.

j. The Postal Service denied Stewart and other class members her/their minimal statutory due process rights under 5 U.S.C. § 7701(c)(2)(A) and regulatory rights under the applicable provisions of 5 C.F.R. Part 752.

k. The Postal Service denied Stewart and other class members her/their statutory rights under the Rehabilitation Act.

l. The dismissal decision of the MSPB was not supported by substantial evidence and was otherwise not in accordance with law.

l. The dismissal decision of the Court in Stewart's *Class Action Lawsuit* was not supported factually or legally and was contrary to controlling legal precedent.

44. The decisions of the MSPB and the Court, that Stewart and other class members did not have causes of actions for their non-discrimination constructive suspensions/removals claims, as she/they were bound by the provisions of the *Pittman, et.al. v. Donahue* settlement agreement or the *McConnell v. Postal Service* settlement agreement, were not supported factually and were otherwise not in accordance with law.

45. Stewart seeks a jury trial with *de novo* review of the discrimination claims and review of the non-discrimination claims under the controlling evidentiary standards, including a review of whether prior actions, findings and conclusions are

7

(1) arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law; (2) obtained without procedures required by law, rule or regulation having been followed; or (3) unsupported by substantial evidence.

**Conclusion and Prayer for Relief**

WHEREFORE, Plaintiff, Dorothy M. Stewart, in an effort to preserve her claims for relief, without prejudice to pursuing her claims timely raised in the Third Circuit, has timely initiated this lawsuit in challenge to the *Final Agency Decision* (**Exhibit F**) and seeks reversal of the *Final Agency Decision* and alleges that the Postal Service discriminated against her and other class members (in similar circumstances), in violation of the Rehabilitation Act and the ADA, on the basis of her status as an individual with a disability, when she was denied the opportunity to continue working beginning September, 2011, even though she was ready, willing and able to work and work was available; and that the Postal Service violated the Rehabilitation Act and ADA by failing to adhere to the Privacy Act and by violating her privacy rights - and respectfully requests that the Court find that U.S. Postal Service, by and through its employees, constructively suspended and/or removed her/them without due process of law, and also discriminated against her/them in violation of the Rehabilitation Act, and that the U.S. Postal Service be ordered to pay all elements of damages and provide all equitable relief to which she/they are entitled to recover under law, including, but not limited to, reinstatement, if applicable, back

8

pay, compensatory damages, costs and reasonable attorney fees.

DENNIS L. FRIEDMAN, ESQUIRE
Attorney for Plaintiff
1515 Market Street, Suite 714
Philadelphia, PA  19102-1907
(215) 567-4600