**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DOROTHY M. STEWART | : |
| Plaintiff, | : |
| v. | : Case No. 3:19-cv-14923-BRM-LHG |
| MEGAN J. BRENNAN, Postmaster General, United States Postal Service | : **OPINION** |
| Defendant. | : |

**MARTINOTTI, DISTRICT JUDGE**

Before this Court is a Motion for Reconsideration filed by Plaintiff Dorothy M. Stewart ("Stewart") (ECF No. 20), seeking reconsideration of the Court's September 16, 2019 Amended Opinion and Order (ECF Nos. 17 & 19), which granted Defendant Megan J. Brennan's ("Brennan") Motion to Dismiss Stewart's Complaint. (ECF No. 10.) Brennan opposes the Motion. (ECF No. 21.) Having declined to hear oral argument pursuant to Federal Rule of Civil Procedure 78(b), for the reasons set forth herein, Stewart's Motion is **DENIED.**

### I. BACKGROUND

The underlying facts are set forth at length in the Court's September 16, 2019 Opinion (ECF No. 19), from which Stewart seeks reconsideration. In the interest of judicial economy, the Court refers the parties to that Opinion for a full recitation of the factual and procedural background of the dispute.

1

## II. LEGAL STANDARD

While not expressly authorized by the Federal Rules of Civil Procedure, motions for reconsideration are proper pursuant to this District's Local Civil Rule 7.1(i). *See Dunn v. Reed Group, Inc.,* Civ. No. 08–1632, 2010 WL 174861, at *1 (D.N.J. Jan 13, 2010). The comments to that Rule make clear, however, that "reconsideration is an extraordinary remedy that is granted 'very sparingly.'" L.Civ.R. 7.1(i) cmt. 6(d) (quoting *Brackett v. Ashcroft*, Civ. No. 03-3988, 2003 WL 22303078, *2 (D.N.J. Oct. 7, 2003)); *see also Langan Eng'g & Envtl. Servs., Inc. v. Greenwich Ins. Co.,* Civ. No. 07–2983, 2008 WL 4330048, at *1 (D.N.J. Sept. 17, 2008) (explaining that a motion for reconsideration under Rule 7.1(i) is "'an extremely limited procedural vehicle,' and requests pursuant to th[is] rule[] are to be granted 'sparingly'") (citation omitted); *Fellenz v. Lombard Investment Corp.*, 400 F. Supp. 2d 681, 683 (D.N.J. 2005).

A motion for reconsideration "may not be used to re-litigate old matters, nor to raise arguments or present evidence that could have been raised prior to the entry of judgment." *P. Schoenfeld Asset Mgmt., LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 352 (D.N.J. 2001). Instead, Local Civil Rule 7.1(i) directs a party seeking reconsideration to file a brief "setting forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked." L. Civ. R. 7.1(i); *see also Bowers v. Nat'l Collegiate Athletic Ass'n,* 130 F. Supp. 2d 610, 612 (D.N.J. 2001) ("The word 'overlooked' is the operative term in the Rule.").

To prevail on a motion for reconsideration, the moving party must show at least one of the following grounds: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [made its initial decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café v. Quinteros,* 176 F. 3d 669, 677 (3d Cir. 1999); *see also N. River Ins. Co. v. CIGNA Reinsurance, Co.*, 52 F. 3d

1194, 1218 (3d Cir. 1995) (internal quotations omitted). A court commits clear error of law "only if the record cannot support the findings that led to the ruling." *ABS Brokerage Servs. v. Penson Fin. Servs., Inc.*, No. 09–4590, 2010 WL 3257992, at *6 (D.N.J. Aug. 16, 2010) (*citing United States v. Grape*, 549 F. 3d 591, 603–04 (3d Cir. 2008) "Thus, a party must . . . demonstrate that (1) the holdings on which it bases its request were without support in the record, or (2) would result in 'manifest injustice' if not addressed." *Id.* Moreover, when the assertion is that the Court overlooked something, the Court must have overlooked some dispositive factual or legal matter that was presented to it. *See* L.Civ.R. 7.1(i).

In short, "[m]ere 'disagreement with the Court's decision' does not suffice." *ABS Brokerage Servs.*, 2010 WL 3257992, at *6 (quoting *P. Schoenfeld*, 161 F. Supp. 2d at 353); *see also United States v. Compaction Sys. Corp.,* 88 F. Supp. 2d 339, 345 (D.N.J. 1999) ("Mere disagreement with a court's decision normally should be raised through the appellate process and is inappropriate on a motion for [reconsideration]."); *Florham Park Chevron, Inc. v. Chevron U.S.A., Inc.,* 680 F. Supp. 159, 163 (D.N.J. 1988); *Schiano v. MBNA Corp.,* Civ. No. 05–1771, 2006 WL 3831225, at *2 (D.N.J. Dec. 28, 2006) ("Mere disagreement with the Court will not suffice to show that the Court overlooked relevant facts or controlling law, . . . and should be dealt with through the normal appellate process . . .") (citations omitted).

### III.   DECISION

In her Motion for Reconsideration, Stewart asks the Court to reconsider its decision dismissing her Complaint. Specifically, Stewart contends chiefly contends the doctrine of *res judicata* does not apply, and thus her claims are not precluded. (ECF No. 20-1 at 2.)

In its prior Opinion, the Court granted Brennan's Motion to Dismiss. (ECF No. 19 at 10.) In so finding, the Court held the claims in the Complaint were barred by *res judicata*. Specifically,

the Complaint did "nothing more than re-litigate matters raised in both the Complaint in *Stewart I* as well as in the *Pittman* Action, from which Stewart is barred from seeking relief."[1] (*Id.* at 9.)

"A party seeking to invoke *res judicata* must establish three elements: '(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action.'" *Id.* (quoting *In re Mullarkey*, 536 F.3d at 225). "The doctrine of *res judicata* bars not only claims that were brought in a previous action, but also claims that could have been brought." *In re Mullarkey*, 536 F.3d at 225 (citing *Post v. Hartford Ins. Co.*, 501 F.3d 154, 169 (3d Cir. 2007)).

In its prior Opinion, the Court found the above elements to be satisfied because (1) a final judgment on the merits was rendered in *Stewart I*, (2) the parties are identical, and (3) the action concerns the exact same conduct and causes of action as *Stewart I*. (*Id.* at 9.) Stewart contends the Court erred in making this determination because—as *Stewart I* is currently on appeal in the Third Circuit—there has not been a final judgment on the merits. (ECF No. 20-1 at 2.) However, "the pendency of an appeal does not affect the potential for *res judicata* flowing from an otherwise-valid judgment." *Ross v. Meyer*, 741 F. App'x 56, 60 (3d Cir. 2018) (quoting *U.S. v. 5 Unlabeled Boxes*, 572 F.3d 169, 175 (3d Cir. 2009)). Therefore, despite a pending appeal, the Court correctly found the doctrine of *res judicata* applied.

Ultimately, because the Court properly dismissed the Complaint under *res judicata*, this Court need not consider Stewart's remaining arguments. Even if the Court were to consider

---

[1] This Court has already found—and the Third Circuit has upheld— that Stewart released "any right ... to appeal the [s]ettlement [a]greement to the EEOC, any right ... to file a civil action in a federal court related to the claims in this case, and any other right [she] might have to seek relief for a claim included within the *Pittman* class action." *See Stewart v. Postmaster Gen. U.S.*, 791 F. App'x 346, 347 (3d Cir. 2020) (citing *Stewart v. Brennan*, No. 17-167, 2018 U.S. Dist. LEXIS 44354, at *9 (D.N.J. Mar. 19, 2018).

Stewart's arguments, none of them warrant reconsideration under Rule 59(e). Accordingly, Stewart's Motion for Reconsideration is **DENIED.**

### IV. CONCLUSION

For the reasons set forth above, Stewart's Motion for Reconsideration is **DENIED**. An appropriate order will follow.

**Date: April 29, 2020**                             */s/ Brian R. Martinotti*
                                                      **HON. BRIAN R. MARTINOTTI**
                                                      **UNITED STATES DISTRICT JUDGE**